UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:21-cr-00262-RP-3 |
| | § | |
| **Dandy Lee East (3)** | § | |

## O R D E R

Before the Court is Defendant's Motion for Reconsideration of Detention Order, filed February 10, 2022 (Dkt. 54). The Government did not file a response, but Defendant states that the United States opposes the Motion. *Id.* at 3. On February 11, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for resolution, pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1), and Rule 44 of the Federal Rules of Criminal Procedure. Dkt. 55.

### I.   Background

On December 21, 2021, a grand jury indicted Defendant on the following six counts:

1. Conspiracy to Possess with Intent to Distribute Cocaine & Marijuana, in violation of 21 U.S.C. § 846{841(a)(1) & (b)(1)(C & D)};
2. Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C);
3. Three counts of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g); and
4. Possession of a Machinegun, in violation of 18 U.S.C. § 922(o).

Dkt. 4 (unsealed January 7, 2022). The Government moved to detain Defendant pending trial, Dkt. 13, and Defendant was taken into federal custody on January 6, 2022. After a detention hearing on January 12, 2022, the Court found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. 45. Defendant therefore was ordered detained pending trial. *Id.* Trial is set for March 28, 2022. Dkt. 52.

## II. Legal Standard

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.

## III. Analysis

In his Motion, Defendant argues that discovery provided by the Government "shows problems with two of the chief arguments of the Government at the detention hearing – the machinegun, and the significant drug dealing taking place in November 2021." Dkt. 54 at 2. First, Defendant argues that the machinegun he is charged with possessing will fire only two bullets with a single pull of the trigger. Defendant contends that, while this weapon meets the statutory definition of a machinegun, "it is a far cry from the menace and firepower presented by the ordinary, non-statutory meaning of the term 'machinegun.'" *Id.* Second, Defendant argues discovery alleges that, when he was arrested in November 2021, law enforcement seized a firearm, $250 in cash, and 0.04 grams of a controlled substance, inconsistent with detention hearing testimony involving $8,000 and "significant" amounts of controlled substance. *Id.* Defendant further states that he will have a stable residence and employment if released, and he has been accepted as a trusty at the facility where he is detained, further demonstrating his suitability for release. *Id.* at 3.

After considering the arguments in Defendant's Motion for Reconsideration, the factors set forth in 18 U.S.C. § 3142(g), information in the Pretrial Services Report, and the evidence and arguments of counsel at the detention hearing, it remains the conclusion of the Court that Defendant must be detained pending trial because the United States has proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community.

Reasons particularly relevant to reconsideration of Defendant's detention include the facts that, as stated in the Order of Detention Pending Trial, Defendant is a felon previously convicted twice of unlawfully carrying a weapon. The Government presented strong evidence at the detention hearing that Defendant illegally possessed and sold multiple firearms while on probation for one of his state offenses. The nature and circumstances of the offenses with which Defendant is charged – particularly the multiple firearms charges – and the nature and seriousness of the danger to the community that would be posed by Defendant's release are factors weighing strongly against reconsideration. To the extent that Defendant's Motion to Reconsider Bond presents information that was not known at the time of Defendant's detention hearing, including whether one of the multiple guns Defendant is charged with possessing could fire two bullets or more than two bullets with one pull of the trigger, it has no material bearing on whether there are conditions of release that will reasonably assure the safety of the community.

### IV.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant Dandy East's Motion for Reconsideration of Detention Order (Dkt. 54) is **DENIED**.

**SIGNED** on February 23, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE